# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| DANA BILLINGS, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:10-CV-64-RWS |
| WINDER POLICE DEPARTMENT, : | |
| *et al.*, : | |
| Defendants. : | |
| : | |
| : | |

## **ORDER**

This case comes before the Court on Defendants' Motion for Attorney Fees [26]. After a review of the record, the Court enters the following order.

On October 12, 2010, the Defendants filed a motion for summary judgment on all of Plaintiffs' claims. Dkt. No. [15]. The Plaintiffs did not file a response, and Defendants' motion was deemed unopposed. Order, Dkt. No. [24] at 1. However, after the summary judgment motion was submitted and prior to the Court's ruling, Plaintiffs moved to voluntarily dismiss their claims without prejudice. Dkt. No. [22]. This dismissal was not proper, though, because it failed to conform with Federal Rule of Civil Procedure 41(1)(a) which requires

the signatures of all parties following a defendant's answer or motion for summary judgment. Order, Dkt. No. [23].

Following its review of the motion, the Court deemed Defendants' statement of material facts as admitted, and granted summary judgment to the Defendants on all counts.  Order, Dkt. No. [24].  The Defendants now move for attorney's fees and costs under 23 U.S.C. § 1988.

The Supreme Court has held that a prevailing defendant may be awarded its attorney's fee–at the district court's discretion—when a § 1983 action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Hughes v. Rowe, 449 U.S. 5, 15 (1980).  In determining whether the suit was proper, the Eleventh Circuit has set out three factors the court must consider: "(1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan v. School Bd., 773 F.2d 1182, 1189 (11th Cir. 1985).

Here, Defendant has satisfied all of the Sullivan factors.  First, the Plaintiffs did not set out a *prima facie* case.  It was clear that Plaintiff Vinson consented to the home search, and the Winder Police Department had a valid

2

arrest warrant that it was trying to execute.  Moreover, Vinson was only questioned for five minutes.  Plaintiffs did not present any evidence that he was falsely imprisoned, or that the City of Winder had a policy or custom which authorized Fourth Amendment violations.

Second, the Defendants never made an offer to settle.  See Dkt. No. [26] at 21 (asking the Plaintiffs to voluntarily withdraw the suit without making a settlement offer).  And this action was resolved at summary judgment. Dkt. No. [24].  Therefore, the Court finds that this action was frivolous and unfounded, and the Defendants are entitled to their attorney's fees and costs.

In calculating the amount of a reasonable fee, the most useful starting point is the lodestar calculation–the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Courts have found that the best evidence of the market rate is the rate which the attorney actually charges his client, although that rate is not conclusive.  See Dillard v. City of Greensboro, 213 F.3d 1347, 1354–55 (11th Cir. 2000) ("What [the attorney] charges clients is powerful, and perhaps the best evidence of his market rate; that is most likely to be what he is paid 'as determined by supply and demand.' "); see also National Assoc. of Concerned

Veterans v. Secretary of Def., 675 F.2d 1319, 1325 (D.C. Cir. 1982) ("The best evidence would be the hourly rate customarily charged by the affiant himself or by his law firm."). Ultimately, the "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth., 836 F.2d 1292, 1303 (11th Cir. 1988).

While Defendants have asked for a lodestar rate of $250 per hour, the Court finds that $140 per hour–or the actual rate the Defendants paid for their legal representation–is the most reasonable fee in this case.  "Section 1988 . . . was 'never intended to produce windfalls' for parties." Fox v. Vice, ___ U.S.___, 131 S. Ct. 2205, 2216 (2011) (citing Farrar v. Hobby, 506 U.S. 103, 115 (1992)).  Therefore, the Court **GRANTS** Defendants' Motion for Attorneys Fees [26] and **AWARDS** $17,892.00 in attorney's fees and $1,711.79 in costs.

**SO ORDERED** this  1st  day of July, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4